UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYAN TOBY, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 1:22-cv-11338-IT |
| JEFFREY GENNETTE, | * |
| Defendant. | * |

MEMORANDUM AND ORDER

November 2, 2022

TALWANI, D.J.

    Plaintiff Rayan Toby initiated this action in Plymouth County Superior Court against Defendant Jeffrey Gennette, the Chairman and Chief Executive Officer of Macy's Inc. ("Macy's"), alleging harassment, employment discrimination and wrongful termination by Macy's in violation of Toby's civil rights and various employment laws. Compl. [Doc. No. 1-1]; Am. Compl. [Doc. No. 6-1]. Gennette removed the action to this court and moved to dismiss. See Notice of Removal [Doc. No. 1]; Mot. to Dismiss [Doc. No. 4]. Toby in turn seeks remand to state court. Mot. to Remand [Doc. No. 7]. For the reasons set forth herein, Toby's Motion to Remand [Doc. No. 7] is DENIED and Gennette's Motion to Dismiss [Doc. No. 4] is GRANTED.

**I.   Background**

    A.   *The First Action*

    On April 26, 2022, Toby brought a civil action against Gennette in Suffolk County Superior Court (the "First Action") alleging harassment and wrongful termination by Macy's.

Prior Compl., 22-cv-10829 [#1-1]. On June 1, 2022, Gennette removed the First Action to this court. Notice of Removal, 22-cv-10829 [#1].

On June 8, 2022, Gennette moved to dismiss the First Action for failure to state a claim. Mot. to Dismiss, 22-cv-10829 [#6]. Toby did not file a response and this court ordered him to show cause no later than July 29, 2022, why the action should not be dismissed for failure to state a claim. Order to Show Cause, 22-cv-10829 [#10]. Again, Toby filed no response, and the court dismissed his complaint with prejudice on August 5, 2022. Order of Dismissal, 22-cv-10829 [#11].

    B.    *The Second Action*

Meanwhile, on June 6, 2022, Toby brought this Second Action in Plymouth County Superior Court against Gennette related to the same incidents as the First Action then pending before this court. Compl. [Doc. No. 1-1]. On July 21, 2022, Toby filed an amended complaint in the Second Action, primarily providing a new address for Gennette. Am. Compl. [Doc. No. 6-1]. On August 19, 2022, Gennette removed the Second Action to this court. See Notice of Removal [Doc. No. 1]. On August 26, 2022, Toby filed his Motion to Remand [Doc. No. 7] the Second Action to state court and Gennette filed his Motion to Dismiss [Doc. No. 4] contending that the action is barred by the doctrine of res judicata and the amended complaint fails to state a claim upon which relief can be granted. On September 9, 2022, Gennette filed his Opposition to the Motion to Remand [Doc. No. 9]. To date, Toby has not filed a response to Gennette's motion to dismiss.

    **II.**    **Motion to Remand**

"[T]he removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of

Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997). "[W]henever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 698 (2003). "When a civil action is originally filed in state court, removal to federal court is proper only if the action could have initially been brought in federal court." Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 34 (1st Cir. 2013); see 28 U.S.C. § 1441(a). The Supreme Court "has established that a district court properly exercises jurisdiction under [28 U.S.C.] Section 1331 when a plaintiff's complaint is based on a right conferred under federal law." Templeton Bd. of Sewer Comm'rs. v. Am. Tissue Mills of Massachusetts, Inc., 352 F.3d 33, 36 (1st Cir. 2003). "Whether a claim arises under federal law is determined under the well-pleaded complaint rule" in which "'[the jurisdictional question] must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration,' without reference to any other pleadings." Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)). "A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." BIW Deceived, 132 F.3d at 833.

Gennette removed the Second Action to this court based in part on the existence of a federal question under 28 U.S.C. § 1331. Toby's Amended Complaint [Doc. No. 6-1] cites in relevant part Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983 as bases for his claims. Furthermore, Toby's motion to remand, describes his complaint as "a civil action arising under the Constitutions, laws, or treaties of the United States. Specifically, Plaintiff appears to bring the lawsuit for 5.5 million under Title VII of the Civil Rights Act of 1964." Motion to Remand ¶ 3 [Doc. No. 7-1].

Accordingly, the court finds exercise of jurisdiction proper under 28 U.S.C. § 1331 where Toby asserts a federal claim.[1]

To the extent that Toby raises state law claims in his amended complaint, including those arising from Massachusetts civil rights and employments laws, the court finds that those claims arise from the same nucleus of operative facts as the federal claims such that supplemental jurisdiction is proper. Indeed, the amended complaint relies on one statement of facts detailing the alleged workplace harassment and wrongful termination as the basis for both the federal and state law claims.

Toby contends that he has the right to remove this case from federal district court to state court as a matter of law under M.G.L. c. 231 § 104 (Removal from district court to superior court) and M.G.L. c. 212 § 3 (Exclusive original jurisdiction). Mot. to Remand ¶¶ 1-3 [Doc. No. 7-1]. But as Gennette correctly states, "M.G.L. c. 231 § 104 addresses issues related to the removal of cases from Massachusetts *state* district courts (not *federal* district courts such as this) to Massachusetts state superior court and M.G.L. c. 212 § 3 addresses the jurisdiction of Massachusetts state superior courts." Opp'n to Mot. to Remand 7 [Doc. No. 9] (emphasis in original). Toby has offered no further ground to overcome Gennette's removal of this action to federal court.

Accordingly, Toby's <u>Motion to Remand</u> [Doc. No. 7] is denied.

---

[1] Gennette also asserted the existence of diversity of citizenship under 28 U.S.C. § 1332. Opp'n to Mot. to Remand 5 [Doc. No. 9]. Having found the court's exercise of jurisdiction proper under 28 U.S.C. § 1331, the court need not reach whether jurisdiction also exists under 28 U.S.C. § 1332.

### III. Motion to Dismiss

Gennette contends in his Motion to Dismiss [Doc. No. 4] that this action is barred by the doctrine of res judicata and that Toby has failed to allege sufficient facts to state a claim upon which relief can be granted.

"Federal law determines whether an earlier judgment, rendered in a federal court, bars the maintenance of a subsequent federal court action." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). "Under federal law, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Id. (quoting Allen v. McCurry, 449 U.S. 90, 94, 166 L.Ed.2d 308 (1980)). "Thus, the elements of a res judicata defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id.

The first element—a final judgment on the merits in an earlier action—is satisfied where the court dismissed with prejudice Toby's First Action against Genette for failure to state a claim after Toby filed no response to the motion to dismiss and filed no response to the court's order for him to show cause as to why that action should not be dismissed. See Order of Dismissal, 22-cv-10829 [#11]; Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"). The second element—sufficient identicality between the causes of action asserted in the earlier and later suits—is satisfied where "[t]he substance of the cause of action that [Toby] asserts is materially identical" in both actions. In re Colonial Mortg. Bankers Corp., 324 F.3d at 17. Specifically, Toby alleges in the First Action and the Second Action that he was harassed, discriminated against and wrongfully terminated by Macy's. The third

element—sufficient identicality between the parties in the two actions—is also satisfied where Toby has brought the claim against Genette in both cases.

Accordingly, the doctrine of res judicata applies as to Toby's claims in his Amended Complaint [Doc. No. 6-1] in the Second Action and the amended complaint is dismissed with prejudice.[2]

### IV. Conclusion

For the foregoing reasons, Toby's Motion to Remand [Doc. No. 7] is DENIED and Gennette's Motion to Dismiss [Doc. No. 4] is GRANTED.

IT IS SO ORDERED.

November 2, 2022               /s/ Indira Talwani
                               United States District Judge

---

[2] Gennette argues in the alternative that Toby's claims should be dismissed for failure to state a claim on the grounds that Toby's Amended Complaint [Doc. No. 6-1] contains no allegation of conduct by Gennette (or allegations that would be sufficient to state claims against any person or entity), Toby failed to exhaust his administrative remedy and to any claim under Title VII or Massachusetts General Law chapter 151B, and that Toby's common law claim for wrongful termination fails where he has not alleged any facts to suggest that he was not an at-will employee. Def.'s Mem. in Supp. [Doc. No. 5]. Toby failed to respond to these arguments in either action. The court notes that even if the case was not barred by res judicata, there is nothing in the record to suggest that Toby would have a basis to proceed with this action.